UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

THE FILTA GROUP, INC.,
7075 Kingspointe Parkway, Suite 1
Orlando, Florida 32819

                Plaintiff,

v.

                Civil Action No. 3:11CV562

KIP SWANSON,
8425 Kenleigh Dr.
Quinton, VA 23141

CHRISTY SWANSON,
8425 Kenleigh Dr.
Quinton, VA 23141

CKB SWANSON, INC.,
    Serve: Kip Swanson, Registered Agent
    8425 Kenleigh Dr.
    Quinton, VA 23141

CKB ENTERPRISE,
    Serve: Kip Swanson or Christy Swanson, Owners
    8425 Kenleigh Dr.
    Quinton, VA 23141

                Defendants.

## COMPLAINT

This is an action for trademark infringement, unfair competition and breach of contract arising out of the defendants' continued unauthorized use of the plaintiffs' trademarks and service marks in the operation of a Fryer Management Services business after the parties agreed to terminate their franchise agreement. The plaintiffs seek a declaratory judgment, their damages and preliminary and permanent injunctive relief.

1

Beginning in 2006, Defendants CKB Swanson, Inc. and CKB Enterprise, and their owners, Defendants Kip Swanson and Christy Swanson, operated a FiltaFry franchise in and around Quinton, Virginia, under service marks owned and licensed by Plaintiff The Filta Group, Inc. ("Filta"), the franchisor of the Filta system. In November 2008, the defendants filed a complaint with the Virginia Corporations Commission, alleging that Filta did not properly comply with certain franchise registration requirements. The parties then entered into a settlement agreement in which they agreed to terminate the franchise agreement, and the defendants received a refund of the majority of their territory fees and agreed to shut down their franchise.

Despite the termination of the franchise agreement and their rights to use the Filta proprietary marks, trade dress and operating system, the defendants have continued to operate the formerly-licensed business under the Filta service marks. They are holding themselves out to the public as a legitimate, licensed member of the Filta franchise system and are selling substandard products and services which they are falsely representing as genuine and authentic Filta products and services. The defendants' continued operation of their business under the Filta marks poses a threat to the goodwill of the Filta system as a whole. Accordingly, Filta seeks preliminary and permanent injunctive relief to protect its goodwill, its other franchisees and consumers, as well as declaratory and monetary relief.

## THE PARTIES

1. Plaintiff The Filta Group, Inc. ("Filta") is a Delaware corporation with its principal place of business in Orlando, Florida.

2. Kip Swanson is an individual who, on information and belief, is a citizen of the Commonwealth of Virginia and resides in Quinton, New Kent County, Virginia.

3. Christy Swanson is an individual who, on information and belief, is a citizen of the Commonwealth of Virginia and resides in Quinton, New Kent County, Virginia (Kip Swanson and Christy Swanson are referred to jointly as the "Swansons").

4. CKB Swanson, Inc. is a Virginia corporation which, on information and belief, has its principal place of business in Quinton, New Kent County, Virginia ("CKB").

5. CKB Enterprise is an entity formed and controlled by Kip Swanson and Christy Swanson, which, on information and belief, has its principal place of business in Quinton, New Kent County, Virginia ("Enterprise").

## JURISDICTION AND VENUE

6. This suit arises under the Lanham Act, 15 U.S.C. §§ 1057 et seq., and the contracts between the parties.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201-02 and 15 U.S.C. §§ 1116 and 1121.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) and (b) because the defendants reside in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE FILTAFRY SYSTEM

9. Filta, as franchisor, enters into franchise agreements with franchisees to provide, among other things, on-site microfiltration of cooking oil, fryer cleaning, temperature calibration, advice on good frying practices, and on-site removal of used oil ("Fryer Management Services") to restaurants, hotels, casinos, amusement parks, hospitals, universities, catering establishments, and institutional kitchens.

10. Filta's Fryer Management Service features a proprietary Mobile Filtration Unit ("MFU") which Filta franchisees operate from vans that are specially equipped to transport the MFU to a customer's location.

11. Filta owns federally-registered service marks for FILTAFRY, FILTA ENVIRONMENTAL KITCHEN SOLUTIONS and other marks (the "Filta Marks"), and licenses others to use the Filta Marks in connection with the operation of its franchised Fryer Management Services businesses.

12. Filta has the exclusive right to operate and license others to operate Fryer Management Services businesses using the Filta Marks. Franchised Fryer Management Services businesses are operated in accordance with Filta business and operating procedures and offer distinctive services ("Filta Products"). As a result, the Filta Marks have come to identify, in the public mind, these distinctive products and services made available in Filta licensed Fryer Management Services businesses

13. The Filta Marks include the following service marks registered in the United States Patent and Trademark Office:

| Trademark | U.S. Reg. No. | Registration Date | Goods and Services |
|---|---|---|---|
| FILTAFRY | 2585933 | June 25, 2002 | Electric and gas powered cooking oil and fat filtering apparatus and parts and fittings therefor. |
| FILTAFRY | 3711461 | Feb. 23, 2009 | Electric and gas powered cooking oil and fat filtering apparatus and parts and fittings therefor. |
| FILTA ENVIRONMENTAL KITCHEN SOLUTIONS | 3701153 | Oct. 29, 2009 | |

14. Each of these registrations is valid and fully enforceable.

15. In addition to using the Filta Marks, franchised FiltaFry businesses operate in association with Filta's distinctive trade dress and in accordance with detailed standards,

specifications and methods relating to sources of supply, quality of service, required items, uniforms, cleanliness requirements, and virtually all other elements relating to the operation of a Fryer Management Services businesses (the "Filta System").

16. The standards, specifications and methods of the Filta System are set forth in Filta's confidential and proprietary operations manual, a copy of which is provided to all Filta franchisees (the "Manual"). The Manual includes detailed standards, specifications, instructions, requirements, methods and procedures for management and operation of a franchised FiltaFry business, including information regarding selection, service and sale of all Filta Products; management and employee training; marketing, advertising and sales promotions; maintenance and repair of the equipment, graphics, signs, employee dress attire and appearance standards; and accounting, bookkeeping, records retention and other business systems, procedures and operations.

## THE PARTIES' FRANCHISE AGREEMENT

17. On or about April 21, 2006, Filta and Enterprise entered into a Filta Franchise Agreement (the "Franchise Agreement") for the operation of a FiltaFry business at 8425 Kenleigh Dr., Quinton, VA. A true and correct copy of the Franchise Agreement is attached as Exhibit "A."

18. Defendants Kip Swanson and Christy Swanson signed a personal guaranty of Enterprises obligations under the Franchise Agreement (the "Personal Guaranty"). A true and correct copy of the Personal Guaranty is attached as Exhibit "B."

19. Pursuant to Section 2 of the Franchise Agreement, unless earlier terminated, the defendants were licensed to operate a Fryer Management Services business using the Filta Marks during the term of the Franchise Agreement.

20. CKB, Enterprise, Kip Swanson and Christy Swanson (collectively, "Defendants") operated a Filta franchise in and around New Kent County, Virginia from approximately April 2006 through November 2008.

## THE SEPARATION AGREEMENT BETWEEN THE PARTIES

21. In November 2008, the Defendants filed a complaint with the Virginia State Corporation Commission, seeking to rescind the Franchise Agreement. Defendants alleged that Filta did not wait the entire ten day period to deposit the Defendants' initial payment, and that Filta was not registered to engage in franchise sales for a brief window of time during which the Franchise Agreement was signed.

22. In November 2008, Filta and all Defendants executed a Separation Agreement and Mutual Release (the "Settlement Agreement") related to the Swansons' Filta franchise. A true and correct copy of the Settlement Agreement is attached as Exhibit "C."

23. In the Settlement Agreement, the parties agreed to terminate the Franchise Agreement, that Defendants would return the MFU and certain equipment and items, and that Filta would refund Defendants the bulk of the money they paid toward purchasing the Filta franchise.

24. In the Settlement Agreement, the parties also agreed that Defendants could not own or operate a competing business for three years.

25. Additionally, the Franchise Agreement's post termination terms and restrictive covenants supplement those found in the Settlement Agreement, pursuant to section 30 of the Franchise Agreement, because "termination of this Agreement (for any reason) does not terminate any provision hereof which is expressly or by implication provided to come into or continue in force after such expiration or termination."

6

## THE DEFENDANTS' BREACH OF THE
## POST-TERMINATION PROVISIONS OF THE FRANCHISE AGREEMENT
## BREACH OF THE SETTLEMENT AGREEMENT,
## AND THEIR UNAUTHORIZED USE OF THE FILTA MARKS

26. Pursuant to the Settlement Agreement and Section 22 of the Franchise Agreement, upon termination, Defendants agreed that they would: (1) immediately cease operating the franchise; (2) discontinue all use of the Filta Marks and the Filta System; (3) discontinue use of all confidential methods, procedures, and techniques and all distinctive forms, slogans, signs, symbols, and devices associated with the Filta System; (4) remove the Filta Marks and trade dress from all clothing, signs, materials, and other items owned or used by Franchisee; (5) cancel all advertising, including telephone directory listings; and (6) take such action as may be necessary to cancel any filings or registrations for the franchise that contain any Filta Marks.

27. Defendants also agreed that, upon termination, they would promptly return to Filta the Manual (and any copies), and all other supplements, records and instructions containing confidential information (including any copies of such materials) which were furnished by Filta and which are Filta property.

28. The Franchise Agreement and Settlement Agreement also placed restrictions on CKB, Enterprise, and the Swansons as guarantors, following termination:

    a. The Settlement Agreement restricted Enterprise and the guarantors from operating a competing business for three years. Ex. C at ¶ 13.

    b. The Franchise Agreement restricted Enterprise and the guarantors from contacting any former Filta customers with whom they had contact during the twelve months prior to termination. Ex. A at ¶ 23.3.

  c. The Franchise Agreement precluded Enterprise and the guarantors from circumventing the restrictions outlined in ¶¶ 23.1, 23.2 and 23.3 by engaging in prohibited activity through another person or entity. Ex. A at ¶ 23.5.

  d. The restrictions in the Settlement Agreement and Franchise Agreement are "tolled" while Enterprise, CKB, or the guarantors are in violation of them. Ex. A at ¶23.4.

  29. As a consequence of the valid termination of the Franchise Agreement, Enterprise and CKB are required to abide by these post-termination obligations. As guarantors, the Swansons also agreed to abide by and undertake these obligations.

  30. After execution of the Settlement Agreement on November 22, 2008, and unbeknownst to Filta, Defendants continued to operate the same, formerly franchised business using the Filta Marks and Filta System and continued to offer products and services that are the same or similar to the Filta Products and the services that Defendants offered under the Franchise Agreement.

  31. On or about August 19, 2011, a representative of Filta and a new Filta franchisee who had just purchased the Filta territory for the east Richmond area, were out making sales calls in the territory. At more than one sales stop, they were surprised to see Kip Wilson, who was using the Filta Marks and operating a competing business offering Fryer Management Services to customers in the area. At one point, after they had run into each other more than once at Filta customers' locations, Kip Wilson called the police, alleging that the Filta representative and Filta's new franchisee were "stalking him." Prior to this time, Filta was unaware that Defendants' were continuing to use the Filta Marks or operating a competing business.

32. Defendants are continuing to operate their business using the Filta Marks and Filta System and are continuing to offer products and services that are the same or similar to the Filta Products and services that were offered under the Franchise Agreement. Defendants are advertising and holding themselves out to the public as a franchisee of the Filta franchise system and are representing that the products and services they are selling are Filta Products and services.

33. The Defendants' continued use of the Filta Marks, the Filta System and other confidential and proprietary information belonging to Filta in connection with the products and services that the Defendants are offering has caused, and is continuing to cause, irreparable harm to Filta.

34. The Defendants continued failure to abide by the post-termination restrictive covenants by using Filta's confidential and proprietary information, contacting and soliciting former Filta customers, and operating a Competing Business within the same territory has caused, and is continuing to cause, irreparable harm to Filta.

35. All conditions precedent to the initiation of this action have been performed, have been excused or have been waived.

36. Filta has retained the undersigned counsel and agreed to pay them a reasonable fee for their services.

### COUNT ONE
**(Declaratory Judgment: Termination of the Franchise Agreement)**

37. Filta realleges Paragraphs 1-36 of this Complaint.

38. An actual and justiciable controversy exists between Filta and Defendants regarding the termination of the Franchise Agreement. Filta asserts that the Franchise Agreement was terminated as a result of the Settlement Agreement while Defendants dispute that

the Franchise Agreement was terminated, or dispute the terms on which the termination was effected.

39. Pursuant to 28 U.S.C. §§ 2201 and 2202, Filta seeks a declaratory judgment that the Franchise Agreement was validly terminated and that Defendants are bound to comply with the post termination provisions of the Franchise Agreement and the Separation Agreement.

## COUNT TWO
### (Breach of Contract-Settlement Agreement)

40. Filta realleges paragraphs 1-36 of this Complaint.

41. Despite agreeing to terminate the Franchise Agreement and their license to use the Filta Marks and System and to shut down their business, Defendants, unbeknownst to Filta, breached the Settlement Agreement by continuing to operate a Fryer Management Services business in the area of New Kent County, Virginia.

42. The conduct set forth herein has caused and continues to cause irreparable harm and damage to Filta, the Filta Marks and Filta franchise system.

43. In addition, Filta has sustained actual damages, costs, and attorneys' fees as a result of the defendants' breach of the contractual post-termination obligations in an amount that has yet to be determined.

## COUNT THREE
### (Breach of Contract - Post-Termination Obligations)

44. Filta realleges Paragraphs 1-36 of this Complaint.

45. Despite the termination of the Franchise Agreement, the Defendants have failed to close and de-identify the franchise. Instead, the Defendants have continued to operate the franchise utilizing the Filta Marks and Filta System in a manner likely to cause confusion or to deceive and which falsely suggests an association or connection with the Filta franchise system in violation of Section 22 of the Franchise Agreement.

46. The Defendants have further breached Section 22 of the Franchise Agreement by failing to surrender to Filta the manuals and/or other confidential and proprietary information relating to the formerly-licensed businesses.

47. The Defendants have also breached Section 22 of the Franchise Agreement by continuing to make calls, use telephone numbers, directory listings and other advertising materials displaying or associated with the Filta Marks.

48. The Defendants have also breached the post-termination covenant against competition in Section 23 of the Franchise Agreements by contacting former Filta customers and by operating a competing business in the same area that Franchisee was previously licensed to operate under the Franchise Agreement.

44. Defendants have not requested, nor has Filta given, its written consent, that they may own, operate, be employed by or otherwise have any involvement whatsoever with a competing business or contact former Filta customers.

45. Under the Personal Guaranty, the Swansons expressly agreed that they would abide by and be bound by the obligations of Sections 23 of the Franchise Agreement and are jointly and severally liable for the breaches of the obligations contained in those Sections of the Franchise Agreement and Settlement Agreement.

46. The conduct set forth herein has caused and continues to cause irreparable harm and damage to Filta, the Filta Marks and Filta franchise system.

47. In addition, Filta has sustained actual damages, costs, and attorneys' fees as a result of the defendants' breach of the contractual post-termination obligations in an amount that has yet to be determined.

## COUNT FOUR
### (Service Mark Infringement)

48. Filta realleges Paragraphs 1-36 of this Complaint.

49. Defendants' continued use of the Filta Marks without authorization or license from Filta is likely to cause confusion in the public mind concerning the source, affiliation, or sponsorship of goods and services being offered under the Filta Marks.

50. Consumers are likely to believe, contrary to fact, that Franchisee is an authorized licensee of Filta, that the business is a legitimate member of the Filta franchise system, and that and other products and services sold by Franchisee are genuine and authentic Filta Products.

51. Defendants are willfully, intentionally, and knowingly using trademarks, service marks and designations that are identical to, substantially indistinguishable from, or confusingly similar to the Filta Marks in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. The Defendants' conduct is causing irreparable injury to Filta's reputation and goodwill, which will continued unabated unless enjoined by this Court.

53. In addition, the Defendants' conduct is causing monetary damage to Filta in an amount to be proved at trial.

## COUNT FIVE
### (Federal Unfair Competition)

54. Filta realleges Paragraphs 1-36 and 49-51 of this Complaint.

55. Defendants' unauthorized use of the Filta Marks and trade dress, holding themselves out as duly licensed members of the Filta franchise system, and representations that their products and services are genuine and authentic Filta Products constitute false designation of origin, false advertising, false or misleading descriptions of fact, and false or misleading representations of fact, which are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association between Defendants and Filta, or as to the origin,

sponsorship, or approval of the goods or services being offered by Defendants, or as to Filta approval of Defendants' commercial activities.

56. Defendants' conduct violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

57. The Swansons are causing CKB and Enterprise to engage in this activity and are therefore liable to the same extent as CKB and Enterprise under the Lanham Act.

58. The Defendants' conduct is causing irreparable injury to Filta's reputation and goodwill, which will continued unabated unless enjoined by this Court.

59. In addition, the Defendants' conduct is causing monetary damage to Filta, in an amount to be proven at trial.

## COUNT SIX
### (State Law Service Mark Infringement)

60. Filta realleges Paragraphs 1-36 and 49-51 of this Complaint.

61. The Filta Marks are distinctive and have developed a secondary meaning in the public mind in that consumers have come to know and recognize the Filta Marks as identifying the particular products, services, standards and quality of service produced by Filta and its franchisees. The Filta Marks have become known by the public as indicative of the goods and services provided by Filta, and Filta franchisees at the many businesses in their Filta territories.

62. The public is likely to be confused, deceived or otherwise manipulated by CKB's and Enterprise's unauthorized use of the Filta Marks. Therefore, CKB's and Enterprise's use of the Filta Marks without right, license, or authorization constitutes service mark infringement under the laws of the Commonwealth of Virginia.

63. The Swansons are causing CKB and Enterprise to engage in this infringing activity and are therefore liable to the same extent as CKB and Enterprise for this infringing activity.

64. The Defendants' conduct is causing irreparable injury to Filta's reputation and goodwill, which will continue unabated unless enjoined by this Court.

65. In addition, the Defendants' conduct is causing monetary damage to Filta, in an amount to be proven at trial.

## COUNT SEVEN
### (State Law Unfair Competition)

66. Filta realleges Paragraphs 1-36 and 49-51 of this Complaint.

67. Defendants' conduct constitutes unfair competition under applicable state law.

68. The Swansons are causing CKB and Enterprise to engage in this activity and are therefore liable to the same extent as CKB and Enterprise for this activity.

69. The Defendants' conduct is causing irreparable injury to Filta's reputation and goodwill, which will continue unabated unless enjoined by this Court.

70. In addition, the Defendants' conduct is causing monetary damage to Filta, in an amount to be proven at trial.

## COUNT EIGHT
### (Unjust Enrichment)

71. Filta realleges Paragraphs 1-36 and 49-51 of this Complaint.

72. The Defendants' unauthorized use of the Filta Marks in operating their business and holding themselves out as duly licensed members of the Filta franchise system has resulted in the unjust enrichment of the Defendants in an amount that has yet to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Filta demands entry of judgment in its favor awarding the following relief:

1. Declaring that the Franchise Agreement was effectively terminated and that the Defendants are bound by the post-termination provisions of the Franchise Agreement and Settlement Agreement;

2. Awarding Filta its damages resulting from the Defendants' breach of the Settlement Agreement and post-termination obligations of Franchise Agreement, in an amount to be proved at trial;

3. Preliminarily and permanently enjoining the Defendants, and all those acting in concert or privity with any or all of them, including any of their agents, servants, employees, and attorneys, from:

   (a) using the Filta Marks or the Filta System, in any manner whatsoever, including, without limitation, in connection with the advertising, promotion or sale of any product or service, and including, without limitation, all signs, furniture, fixtures, equipment, décor, advertising materials, stationary, forms, and any other articles that display the Filta Marks;

   (b) operating any business under the name Filta or operating or doing business under any name or mark, or in any manner that is likely to give the public the impression that any business in which the defendants have any interest or connection is licensed by Filta or otherwise associated with the Filta franchise system;

   (c) failing to make any changes and alterations to their formerly-licensed premises required to de-identify the businesses;

   (d) failing to cancel all telephone numbers, directory listings and other advertisements that refer to or are associated with the Filta Marks;

   (e) failing to turn over to Filta all manuals, records, files, instructions, correspondence and other materials relating to Franchisees' operation of the businesses;

 (f) for a period of two years from the date of any such injunction, contacting any customers to which Defendants provided services within the one year period prior to termination;

 (g) for a period of three years from the date of entry of such injunction, operating any Competing Business, as defined in Section 23.1 of the Franchise Agreement, in the former territory specified in the Franchise Agreement; and

 (h) committing any other act that infringes the Filta Marks or otherwise unfairly competes with Filta or the Filta franchise system.

4. Ordering the defendants to file with the Court and serve on counsel for Filta, within five (5) calendar days after service of any injunction issued herein, a written report setting forth in detail, under oath, the manner and form in which they have complied with such injunction;

5. Awarding Filta, pursuant to 15 U.S.C. §1117, (a) the defendants' profits, (b) Filta's damages, and (c) the costs of the action;

6. Awarding Filta treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b);

7. Ordering specific performance against the defendants of the post-termination obligations in the Separation Agreement and Franchise Agreement;

8. Awarding Filta the amount by which the defendants have been unjustly enriched by their conduct;

9. Awarding Filta its costs in prosecuting these claims, including its reasonable attorneys' fees incurred, in accordance with the Franchise Agreement and applicable law; and

10. Such other and further relief as the Court may deem appropriate.

/s/ James C. Rubinger

James C. Rubinger (VA Bar No. 20317)
jrubinger@plavekoch.com
Benjamin B. Reed (VA Bar No. 78190)
breed@plavekoch.com
PLAVE KOCH PLC
12355 Sunrise Valley Drive, Suite 230
Reston, Virginia 20191
703-774-1200 (phone)
703-774-1201 (fax)

Richard P. Spence (Fla. Bar No. 192996, to be admitted *pro hac vice*)
rspence@filta.com
The Filta Group, Inc.
7075 Kingspointe Parkway, Suite 1
Orlando, Florida 32819
407-996-5550 ext. 109 (phone)
407-996-5551 (fax)

*Attorneys for Plaintiff, The Filta Group, Inc.*